Khan v Garg (2025 NY Slip Op 02038)

Khan v Garg

2025 NY Slip Op 02038

Decided on April 08, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 08, 2025

Before: Renwick, P.J., Kapnick, Shulman, Rodriguez, Rosado, JJ. 

Index No. 652334/13|Appeal No. 4062|Case No. 2024-00438|

[*1]Raza Khan, etc., Plaintiff-Appellant,
v
Vishal Garg et al., Defendants-Respondents.

Rachael Kierych, Attorney at Law, New York (Rachael Kierych of counsel), for appellant.
1/0 Capital, LLC, New York (Jason H. Berland of counsel), for Vishal Garg, respondent.
Epstein Becker & Green P.C., New York (Theodore McCormick and Schruti Ponchavati of counsel), for Education Investment Finance Corporation, respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about January 5, 2024, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion to disqualify Jason Berland, Esq. as counsel for defendant Vishal Garg, unanimously affirmed, without costs.
The motion court providently exercised its discretion in declining to disqualify Jason Berland, Esq. as counsel for defendant Vishal Garg based on a purported conflict of interest in violation of Rules of Professional Conduct (22 NYCRR 1200.0) (RPC) rule 1.7(a)(1). The purported conflict lies in Berland's concurrent representation of Garg in this action and nonparty Phoenix Real Estate Solutions Ltd. (PRES) — an entity at least partially owned and controlled by Garg — in a separate federal action. Even assuming that the scope of Berland's representation of PRES was not as limited as defendants claim, PRES and Garg did not have differing interests at the time of the representation (see generally RPC rules 1.0[f]; 1.7[a][1]). This Court has already held that the statements made by PRES in the federal action with respect to the ownership and misappropriation of certain intellectual property were not inconsistent with the statements made by defendants in this action (see Khan v Garg, 235 AD3d 537 [1st Dept 2025]). It also does not matter that derivative plaintiff/nominal defendant Education Investment Finance Corporation (EIFC) and PRES were adverse to each other in a prior arbitration. Berland does not represent EIFC. Although Garg is now the controlling owner of EIFC, he did not control it when the subject arbitration was initiated, and his sole involvement in that arbitration was to facilitate its settlement, at the court's instruction and with its oversight. Moreover, the arbitration was long over and the settlement had already been judicially approved by the time Berland appeared in this action. Thus, there was no current conflict.
Nor is there any indication that Berland was involved in the arbitration at all or that he is in possession of any confidential information therefrom. The portion of plaintiff's breach of fiduciary duty claim based on Garg's involvement in the arbitration settlement had already been dismissed by the time Berland appeared — on the ground that this issue had already been considered and rejected by the court in approving the settlement (see Khan v Garg, 2023 NY Slip Op 31208[U] [Sup Ct, NY County 2023], amended and superseded by 2023 WL 3304645, *1, *5 [Sup Ct, NY County, May 8, 2023, No. 652334/13]; Khan v Garg, 2016 NY Slip Op 31516[U], *4-11 [Sup Ct, NY County 2016]). While plaintiff continued to argue about this claim on appeal and in a motion to renew — both of which have since been decided (see 2025 NY Slip Op 01046) — plaintiff's repeated raising of an already-decided issue is not a valid basis to disqualify counsel.
The motion court also providently exercised its discretion in declining to disqualify Berland as counsel for Garg [*2]based on the purported lack of professional independence of his "law firm" — i.e., 1/0 Capital, LLC — in violation of RPC rule 5.4(a), (c), or (d). Although 1/0 Capital is a "law firm" within the meaning of the rule, the definition of which includes "lawyers employed in . . . the legal department of a corporation or other organization" (RPC rule 1.0[h]), Berland and 1/0 Capital are not acting in violation of RPC rule 5.4 by representing Garg — notwithstanding that 1/0 Capital is 99% owned by Garg, a nonlawyer. Contrary to plaintiff's claim, rule 5.4 does not broadly prohibit the representation of clients outside the law firm's corporate structure. There is no indication that Berland or 1/0 Capital have received any "legal fees" as a result of the representation or that it is practicing law "for profit" in connection therewith, as required to implicate rule 5.4(a) and (d). There is also no indication that Garg is "direct[ing] or regulat[ing]" Berland's professional judgment or causing him to "compromise" his duty to maintain the client's confidential information, as required to implicate rule 5.4(c). In any event, rule 5.4(c) addresses a situation, unlike the one at issue here, where the client (Garg) is not the same as the person who employs or pays the lawyer (also Garg).
Plaintiff has not proffered any reason, beyond mere surmise, to infer that 1/0 Capital does not have an adequate conflicts checking process in place or that 1/0 Capital is required to and has failed to maintain an IOLA account (see generally RPC rule 1.10[e]; 21 NYCRR 7000.8).
We have considered the remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 8, 2025